UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PIERRE A. JEUDY, JR., | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:11-cv-857 (CFD) |
| | : | |
| OSBORN C.I., | : | |
| Defendant. | : | |

## **RULING AND ORDER**

The plaintiff, incarcerated at the Osborn Correctional Institution, brings this civil rights action *pro se* and *in forma pauperis*. The plaintiff alleges that the defendant endangered his health through exposure to contaminated water.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient.

The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted sub nom., Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that in early April 2011, a water main broke in town. As a result, contaminated water was pumped into the correctional facility before the water was turned off. The plaintiff states that he drank two cups of water before the water was turned off. After several hours, the water was turned on. At that time, the plaintiff used the water to begin preparing something to drink. After about twenty minutes, a correctional officer told the inmates not to drink the water because it was contaminated. The plaintiff alleges that he suffered stomach pains and vomited after drinking the contaminated water.

To state a section 1983 claim, the plaintiff must allege that a person acting under color of state law violated his constitutionally or federally protected rights. The only defendant is Osborn Correctional Institution. State agencies are not considered persons subject to suit under 42 U.S.C. § 1983. See, e.g., Fisher v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the definition of "person" under section 1983); Santos v. Department of Correction, No. 3:04cv1562(JCH)(HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (holding that Connecticut Department of Correction is not a

2

person under section 1983). Similarly, a state correctional facility, part of the Connecticut Department of Correction, is not a person within the meaning of section 1983. See, e.g., Williams v. Sindos, No. 08-cv-378(GBD), 2009 WL 613317, at *3 n.4 (S.D.N.Y. Mar. 9, 2009). All claims against Osborn Correctional Institution are dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(i).

The Court notes that prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 214 (2007). Here, the complaint is dated only one month after the incident and the institutional exhaustion process generally takes several months. These facts strongly suggest that the plaintiff did not exhaust his institutional remedies before commencing this action. Although the Court does not dismiss this action for failure to exhaust institutional remedies, it advises the plaintiff that if he intends to refile this action with proper defendants, he should first complete the exhaustion process.

## Orders

The Court enters the following orders:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(i).

(2) The Clerk is directed to enter judgment in favor of the defendant and close this case.

**SO ORDERED.**

Dated at Hartford, Connecticut, this 8th of July, 2011.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge